UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWANTA J. LAMBERT,<br><br>　　　　　Plaintiff,<br>v.<br>FRANK SOTO, et al.,<br>　　　　　Defendants. | Case No. 10cv1976-AJB (BLM)<br><br>**ORDER DENYING MOTION FOR ASSIGNMENT OF COUNSEL**<br><br>[ECF No. 15] |

　　By motion dated April 11, 2011, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, requests that this Court appoint counsel to assist him. ECF No. 15. In support of his motion, Plaintiff states that he requires counsel because: (1) he does not have the financial resources to employ counsel, (2) he has limited formal education, no legal training, and limited access to legal materials, (3) he required the assistance of other prisoners to file all of his pleadings, including this motion, but such assistance generally is "nearly non-existent," and (4) this is a complex case that will require serious and complex discovery. Id. at 2-3. This is Plaintiff's second request for appointment of counsel. See ECF No. 3. The district judge denied his first motion on October 29, 2010, noting that Plaintiff had failed to demonstrate that "exceptional circumstances" warranting appointment of counsel. ECF No. 4.

　　The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted

discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted several pleadings and motions without the assistance of counsel. In addition to the instant motion, he has submitted a complaint (ECF No. 1), two motions to proceed *in forma pauperis* (ECF No. 2 & 5), and a previous motion for appointment of counsel (ECF No. 3). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case. While he may have had some assistance from other prisoners in preparing these documents, Plaintiff's pending complaint is comprehendible and nothing before the Court indicates that Plaintiff will not be able to continue to pursue his case. The Court previously denied Plaintiff's request for counsel, see ECF No. 4, and Plaintiff's current request does not provide any new facts justifying such an extraordinary remedy. Further, Plaintiff does not demonstrate a likelihood of success on the merits such that his case should be classified as an "exceptional circumstance[]." Agyeman, 390 F.3d at 1103; see also Wilborn, 789 F.2d at 1331. Because Plaintiff has not alleged the requisite "exceptional circumstances" at this time, the Court **DENIES** without prejudice Plaintiff's request for appointment of counsel.

**IT IS SO ORDERED.**

DATED: April 27, 2011

BARBARA L. MAJOR
United States Magistrate Judge