UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAWANTA J. LAMBERT,                    )     Case No. 10cv1976-AJB (BLM)
                                       )
                    Plaintiff,         )     **REPORT AND RECOMMENDATION**
v.                                     )     **FOR ORDER GRANTING**
                                       )     **DEFENDANTS' MOTION TO**
FRANK SOTO, et al.,                    )     **DISMISS**
                                       )
                    Defendants.        )
                                       )     **[ECF No. 17]**
————————————————————————               )

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(c) and 72.3(f) of the United States District Court for the Southern District of California.

On September 20, 2010, Plaintiff Jawanta J. Lambert, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights suit against Licensed Vocational Nurse Shady M. Villalobos, Correctional Officer Frank Soto, and an unidentified Medical Physician under 42 U.S.C. § 1983. ECF No. 1. Defendants Shady Villalobos and Frank Soto ("Defendants")[1] filed a motion to dismiss the complaint on May 3, 2011 for failure to state a claim. ECF No. 17. Plaintiff opposed the motion on June 30, 2011 [ECF No. 22] and Defendants filed a reply on July 14, 2011 [ECF No. 23].

---

[1] Plaintiff has not named or served the unidentified medical physician in this matter. ECF. 1 at 4 & 17-1 at 3. As such, the instant motion is only brought on behalf of the Defendants who have been properly named and served. Id.

1    This Court finds the issue appropriate for decision on the papers and without oral
2    argument pursuant to Local Civil Rule 7.1 (d)(1).  See ECF No. 18.  The Court has considered
3    Plaintiff's Complaint, Defendants' Motion to Dismiss, Plaintiff's Opposition, Defendants' Reply and
4    all supporting documents submitted by the parties.  For the reasons set forth below, this Court
5    **RECOMMENDS** that Defendants' Motion to Dismiss ("MTD") be **GRANTED**.

6                                            **BACKGROUND**

7    Because this case comes before the Court on a motion to dismiss, the Court must accept
8    as true all material allegations in the complaint, and must construe the complaint and all
9    reasonable inferences drawn therefrom in the light most favorable to Plaintiff.  See Thompson
10   v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  According to the complaint, Plaintiff was involved
11   in an "incident" on April 21, 2009 after which he sought medical treatment from a licensed
12   vocational nurse, Defendant Villalobos.  ECF No. 1 at 3.  During the evaluation, Defendant
13   Villalobos completed a medical report of injury form[2] in which she documented Plaintiff's injuries.
14   Id.  The injuries mentioned in the report were: (1) pain in the back; (2) pain in the left shoulder;
15   (3) abrasions; and (4) scratches with dried blood.  Id.  Plaintiff alleges that Defendant Villalobos
16   refused to treat these injuries and responded to Plaintiff's request for first aid by stating that
17   "you shouldn't have been fighting with staff" before walking away.  Id.

18   After his appointment with Defendant Villalobos, Plaintiff was escorted back to a holding
19   cell via golf cart by Correctional Officer A.  Gonzales and Defendant Soto.  Id. at 5.  During the
20   ride, Plaintiff told Defendant Soto that Defendant Villalobos refused to treat his injuries and
21   showed Defendant Soto that he was actively bleeding down his leg.  Id.  In response, Defendant
22   Soto merely stated that Defendant Villalobos "should have taken care of it."  Id.  When Plaintiff
23   informed Defendant Soto that he still needed medical attention, Defendant Soto stated "the
24   medics will take care of it dude."  Id. Plaintiff was then taken to his holding cell and left with a
25   bleeding right leg and back and shoulder pain.  Id.

26   On May 12, 2009, Plaintiff was evaluated by an unnamed yard physician for the injuries
27   sustained on April 21, 2009.  Id. at 4.  At the appointment Plaintiff complained of back and knee

28
     _____

     [2]CDCR Form 7219.  ECF No. 1 at 3.

                                                   2                          10cv1976-AJB (BLM)

1   pain that made it difficult for him to climb in and out of the top bunk of his bed without

2   assistance.  Id.   Plaintiff told the physician that he had to rest on the ground during the day or

3   remain in his bed for long periods of time due to his injuries.  Id.  The physician ordered x-rays

4   of Plaintiff's back, prescribed pain medication, and instructed Plaintiff to refrain from doing any

5   push ups or sit ups.  Id.

6          Plaintiff states that after his evaluations by Defendant Villalobos and the unnamed yard

7   physician, he continued to suffer from pain in his back and knee due to Defendant Villalobos's

8   "deliberate indifference, malpractice and neglect."  Id. at 3.  Plaintiff claims that as a result of

9   his untreated injuries from April 21, 2009, he sustained further injury on May 14, 2009, when he

10  fell "approximately five feet" to the ground from the top bunk of his bed.  Id. at 3 & 4.  After the

11  fall, Plaintiff was treated at a local emergency room and housed in the facility's correctional

12  treatment center for five days on bed rest.  Id.

13         Plaintiff alleges that Defendants' conduct violated his constitutional right of freedom from

14  cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States

15  Constitution.  Id. at 3-5.  Plaintiff seeks monetary damages in the amount of $750,000 and

16  injunctive relief preventing Defendant Villalobos from "performing unconstitutional medical

17  practices."  Id. at 7.

18                                        **DISCUSSION**

19         Defendants argue that Plaintiff's complaint should be dismissed because he has failed to

20  state a claim upon which relief can be granted.  ECF No. 17-1 at 2.  Specifically, Defendants

21  explain that Plaintiff has not alleged facts establishing that he suffered a serious medical injury

22  or had a serious medical need, that Defendant Soto had a duty to treat him, and that either

23  Defendant knew of or disregarded a serious medical need or created a substantial risk of serious

24  harm to Plaintiff.  Id. at 4-6; ECF No. 23 at 3-6.  Defendants also assert that they are protected

25  by qualified immunity.  ECF No. 17-1 at 6-7.  Plaintiff disputes Defendants' arguments.  ECF Nos.

26  1 & 22.

27  ///

28  ///

1    **A.    LEGAL STANDARD**

2        Defendants move to dismiss Plaintiff's complaint under Federal Rule 12(b)(6) for failure
3    to state a claim upon which relief can be granted.  ECF No. 23 at 6.  Pursuant to Rule 8(a) of the
4    Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the
5    claim showing that the pleader is entitled to relief ..."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading
6    standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more
7    than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, --- U.S.
8    ---, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555
9    (2007)).

10       A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's claims.
11   See Fed. R. Civ. P. 12(b)(6).  The issue is not whether the plaintiff ultimately will prevail, but
12   whether he has properly stated a claim upon which relief could be granted.  Jackson v. Carey,
13   353 F.3d 750, 755 (9th Cir. 2003).  In order to survive a motion to dismiss, a Plaintiff must set
14   forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"
15   Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  If the facts alleged in the
16   complaint are "merely consistent with" the defendant's liability, the plaintiff has not satisfied the
17   plausibility standard.  Id. (quoting Twombly, 550 U.S. at 557).  Rather, "[a] claim has facial
18   plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
19   inference that the defendant is liable for the misconduct alleged."  Id. (quoting Twombly, 550
20   U.S. at 556).

21       When a plaintiff appears *pro se*, the court must be careful to construe the pleadings
22   liberally and to afford the plaintiff any benefit of the doubt.  See Erickson v. Pardus, 551 U.S. 89,
23   94 (2007); Thompson, 295 F.3d at 895.  This rule of liberal construction is "particularly
24   important" in civil rights cases.  Hendon v. Ramsey, 528 F.Supp.2d 1058, 1063 (S.D. Cal. Dec.
25   28, 2007) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992)); see also Hebbe v.
26   Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (stating that "because Iqbal incorporated the Twombly
27   pleading standard and Twombly did not alter the Court's treatment of *pro se* filings; accordingly
28   we continue to construe *pro se* filings liberally."  This is particularly important where the

Petitioner is a *pro se* prisoner litigant in a civil rights matter).  When giving liberal construction to a *pro se* civil rights complaint, however, the court is not permitted to "supply essential elements of the claim that were not initially pled." Easter v. CDC, 694 F.Supp.2d 1177, 1183 (S.D. Cal. March 9, 2010) (quoting Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Id.  (quoting Ivey, 673 F.2d at 268).

The court should allow a *pro se* plaintiff leave to amend his or her complaint "unless the pleading could not possibly be cured by the allegation of other facts." Ramirez v. Galaza, 334 F.3d 850, 861 (9th Cir. 2003) (internal citations omitted).  Moreover, "before dismissing a *pro se* complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." Wayne v. Leal, 2009 WL 2406299, *3 (S.D. Cal. Aug. 4, 2009) (quoting Ferdik, 963 F.2d at 1261).

**B.   EIGHTH AMENDMENT - DELIBERATE INDIFFERENCE**

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs. ECF No. 1 at 3-5.  Specifically, Plaintiff argues that Defendants Villalobos and Soto knew or should have known that their "conduct, attitudes and actions created an unreasonable risk of serious harm to Plaintiff." Id. at 3 & 5.  Plaintiff alleges that he has suffered as a result of this violation of his Eighth Amendment rights in the form of "pain and suffering, shame, humiliation, emotional distress, degradation, embarrassment, mental distress and other injuries." Id. at 3. He further alleges that Defendant Soto's actions were "willful, intentional, malicious, wanton and despicable." Id. at 5.  Defendants argue that Plaintiff fails to plead facts "that sufficiently establish that his condition was 'objectively serious,' that Defendants acted with culpable states of mind, or that Defendants' actions caused him harm."   ECF No. 17-1. at 5.

A prison official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment's proscription against cruel and unusual punishment. See Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  There is both an objective and a subjective component to an Eighth Amendment violation.  Id.  The objective component generally is

satisfied so long as the prisoner alleges facts to show that his medical need is sufficiently "serious" such that the "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain." Id.; Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The subjective component requires the prisoner to allege facts showing a culpable mental state, specifically, "deliberate indifference to a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 836 (1994). "Deliberate indifference" is evidenced only when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The indifference must be substantial, and inadequate treatment due to malpractice, or even gross negligence, does not rise to the level of a constitutional violation. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Indifference "may appear when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Tracey v. Sacramento County Sheriff, 2008 WL 154607, *2 (E.D.Cal. Jan. 15, 2008) (quoting Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988)).

### The Objective Prong

Plaintiff does not satisfy the objective prong of the test for an Eighth Amendment violation because Plaintiff does not allege that a sufficiently serious medical need existed. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Nawabi v. Wyatt, 2009 WL 3514849, *7 (C.D.Cal., Oct. 26, 2009) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). In considering the seriousness of an alleged medical need, courts should consider whether (1) a reasonable doctor would think that the condition is worthy of comment or treatment; (2) the condition significantly affects the prisoner's daily activities; and (3) the condition is chronic and accompanied by substantial pain. Id. (citing Doty, 37 F.3d 540 at 546 n. 3).

Here, Plaintiff merely alleges that he experienced shoulder and back pain, abrasions, and scratches with dried blood. ECF No. 1 at 3. In addition, Plaintiff later alleges that he was

actively bleeding down his leg.  Id. at 5.  None of these alleged injuries are serious injuries[3].  First, the injuries as described by Plaintiff are not injuries that are likely to lead to "further significant injury" or the "unnecessary and wanton infliction of pain."  Nawabi, 2009 WL 3514849 at *7.  Second, neither the scratches nor the shoulder and back pain that Plaintiff alleges he experienced significantly altered Plaintiff's daily activities.  Apart from alleging that he needed assistance from his cell mate in order to get in and out of his bunk bed, and that he had to rest on the ground or in bed, Plaintiff does not allege or give any indication that his daily routine was greatly impacted because of his sore back, shoulder and scratches.  Id. at 3-5.  Finally, Plaintiff does not allege that he continues to suffer because of his injuries or that he has developed a chronic condition accompanied by substantial pain from his sore back, shoulder and scratches.  Id.  Since the only injuries Plaintiff alleges are not *serious* injuries, Plaintiff does not allege that Defendants failed to treat a *serious* medical need as required to satisfy the objective portion of deliberate indifference.

## The Subjective Prong

**Defendant Villalobos**

Plaintiff also fails under the subjective prong of the test as he has not alleged that Defendant Villalobos was aware of and disregarded an excessive risk to Plaintiff's health or safety.  See Farmer, 511 U.S. at 837.  Plaintiff alleges that Defendant Villalobos knew that he had pain in his back and shoulder and had abrasions with dried blood.  As discussed previously, these injuries are not serious and as such, Plaintiff has not alleged that there were any facts that Defendant Villalobos was aware of from which she could have inferred that a substantial risk of

---

[3]See Nawabi, 2009 WL 3514849 at 7 (finding that plaintiff failed to state an Eighth Amendment violation where plaintiff failed "to show how a bloody lip and/or a scratch to his knee" compromised a sufficiently serious medical condition and plaintiff had no evidence that defendant "knew of any serious medical risk to plaintiff by not addressing his bloody lip or scratched knee."); see also Thomas v. Diaz, 2008 WL 227932, *5 (E.D.Cal., Jan. 28, 2008) (finding that plaintiff failed to state a claim under the Eighth Amendment for deliberate indifference to his serious medical needs where plaintiff alleged that defendant was deliberately indifferent to his needs by failing "to request an R.N. or M.D. to examine plaintiff and for failing to clean and bandage his abrasions/wounds subsequent" to an incident; and Johnson v. Runnels, 2010 WL 3430369, *16 (E.D.Cal., Aug. 30, 2010) (stating that plaintiff submitted no evidence that cuts, abrasions, contusions, and lacerations were the types of injuries that a failure to treat could result in further significant injury or the unnecessary and wanton infliction of pain and finding that plaintiff failed to raise a triable issue that defendants were deliberately indifferent to his medical requests before granting defendants' motion for summary judgment).

serious harm existed.  Id.  Plaintiff also fails to allege any facts indicating that Defendant Villalobos's conduct caused or exacerbated his injuries.  Defendant Villalobos was not involved in the original altercation that injured Plaintiff or in Plaintiff's fall from his bunk bed.  ECF No. 1 at 3.  Although Plaintiff states that he is experiencing "pain and suffering, shame, humiliation, emotional distress, degradation, embarrassment, mental distress and other injuries," he does not sufficiently connect this harm to Defendant Villalobos's alleged indifference.  Id.  While Plaintiff asserts that Defendant Villalobos's failure to treat his injuries caused him to fall out of his bunk bed and injure himself further, he fails to allege any facts connecting these two events.  See Smedley v. Reid, 2010 WL 391831, *11 (S.D.Cal., Jan. 27, 2010) (to survive Rule 12(b)(6) motion, complaint must directly connect defendants' actions with alleged harm) (citing Moss v. U.S. Secret Service, 572 F.3d 962, 971 (9th Cir. 2009)); see also Wilson v. Woodford, 2009 WL 839921, *26 (E.D.Cal. March 30, 2009) (stating that "if there is no affirmative link between a defendant's conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights") (citing Rizzo v. Goode, 423 U.S., 370 (1976)).  Furthermore, Plaintiff's "threadbare" recital of the elements of a claim for deliberate indifference by Defendant Villalobos is only supported by conclusory statements which are not sufficient to state a constitutional violation. Iqbal, --- U.S. ---, 129 S.Ct. at 1949.

Plaintiff also alleges that Defendant Villalobos failed to respond to his pain or possible medical need, but that is not accurate.  According to Plaintiff's complaint, "Plaintiff was evaluated by Licensed Vocational Nurse (L.V.N.) S. Villalobos" and Defendant Villalobos completed and submitted a "Medical Report of Injury" which documented Plaintiff's injuries.  ECF No. 1 at 3. According to Plaintiff,  Defendant Villalobos did not treat his actual injuries, but given that those injuries only included pain and scratches, it is possible that Defendant Villalobos did not think any further treatment was necessary.  Plaintiff's opinion that he should have received additional treatment for his sore back and shoulder and abrasions, does not support a finding of deliberate indifference.  See McMaster v. Thomas, 2010 WL 3785571, *2 (E.D.Cal. Sept. 24, 2010) (stating that a "difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs") (quoting Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)).

1    Finally, even if Defendant Villalobos was indifferent to Plaintiff's pain, Plaintiff fails to

2  explain how he was harmed by the indifference or would have suffered less, or received better

3  care, had Defendant Villalobos treated his scratches, back and shoulder pain or wiped off the

4  dried blood.  Accordingly, Plaintiff fails to state a deliberate indifference claim against Defendant

5  Villalobos.

6  **Defendant Soto**

7    Plaintiff also fails to satisfy the subjective portion of the deliberate indifference test with

8  respect to Defendant Soto.  Plaintiff has not shown that Defendant Soto was aware of and

9  disregarded an excessive risk to his health or safety.  Instead, Plaintiff merely alleges that

10 Defendant Soto knew that Plaintiff's leg was bleeding. ECF No. 1 at 5.  Plaintiff does not allege

11 that he was in danger of losing too much blood, suffering from a serious wound on his leg, or

12 anything else that would let Defendant Soto know or infer that Plaintiff's health or safety were

13 at risk.  Id.  Also, as Plaintiff stated, Defendant Soto was aware that Defendant Villalobos, a

14 nurse, had just examined Plaintiff because Defendant Soto was transporting Plaintiff from that

15 appointment.  Id.  Given that Defendant Soto is a correctional officer, not a doctor, nurse or

16 other medical professional, he was entitled to rely on the judgment of Defendant Villalobos not

17 to further treat Plaintiff's injuries.  It was not Defendant Soto's responsibility to provide Plaintiff

18 with whatever additional medical care he was seeking.  See Daughtery v. Wilson, 2011 WL

19 3664799, *15 (S.D.Cal. July 1, 2011) (stating that lay officers could rely on the determinations

20 of the nurses and doctors and had no independent duty to pursue additional treatments for

21 plaintiff) (citing Hayes v. Snyder, 546 F.3d 516, 518–20, 527 (7th Cir.2008)).

22    Additionally, Plaintiff does not allege that Defendant Soto committed a purposeful act that

23 caused his pain or injury.  Defendant Soto was not involved in the incident that caused the

24 abrasions and back and shoulder pain and did not cause Plaintiff to fall from his bunk bed.

25 Plaintiff merely alleges that Defendant Soto failed to get him medical care for his bleeding leg.

26 ECF No. 1 at 5.  Plaintiff does not explain how this alleged omission caused Plaintiff harm or

27 created an excessive risk to his health or safety.  Id.  While Plaintiff says that has suffered

28 irreparable harm due to Defendant Soto's deliberate indifference to his rights, Plaintiff has not

9

10cv1976-AJB (BLM)

1  alleged an affirmative link between Defendant Soto's action or inaction and the deprivation of

2  his Eighth Amendment rights. Id.; see also Tracey, 2008 WL 154607 at *2 (stating that plaintiff's

3  "amended complaint must allege in specific terms how each named defendant was involved in

4  the deprivation of plaintiff's rights" and that "there can be no liability under 42 U.S.C. § 1983

5  unless there is some affirmative link or connection between a defendant's actions and the

6  claimed deprivation") (citing Rizzo, 423 U.S. at 371); and Dixon v. Sheldon, 2006 WL 1049930,

7  *3 (E.D.Cal. April 20, 2006) (same).

8       For the above reasons, this Court **RECOMMENDS** that Defendants' motion to dismiss

9  Plaintiff's claim of deliberate indifference against Defendants Villalobos and Soto be **GRANTED**

10  **WITH LEAVE TO AMEND**. See Moss, 572 F.3d at 972 (dismissing complaint but granting

11  plaintiffs leave to amend in accordance with new pleading standards); see also Ramirez, 334 F.3d

12  at 861 (court must grant a *pro se* plaintiff leave to amend his complaint "unless the pleading

13  could not possibly be cured by the allegation of other facts") (citing Lopez v. Smith, 203 F.3d

14  1122, 1130-31 (9th Cir. 2000) (en banc)).

15  **C.**    **QUALIFIED IMMUNITY**

16       Defendants argue that they "are entitled to qualified immunity because they did not

17  violate a clearly established statutory or constitutional right when they allegedly refused to treat

18  Plaintiff's minor pain and scratches." ECF No. 17-1 at 6. Plaintiff responds that Defendants are

19  not entitled to qualified immunity because his complaint "establishes the existence of factual

20  allegations of constitutional violations of which a reasonable person would have known." ECF

21  No. 22 at 6.

22       Qualified immunity shields government officials performing discretionary functions from

23  liability for civil damages unless their conduct violates clearly established statutory or

24  constitutional rights of which a reasonable person would have known. Anderson v. Creighton,

25  483 U.S. 635, 638-40 (1987). "Qualified immunity is 'an entitlement not to stand trial or face the

26  other burdens of litigation.'" Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v.

27  Forsyth, 472 U.S. 511, 526 (1985)), abrogated on other grounds by Pearson v. Callahan, 129 S.

28  Ct. 808 (2009). This privilege is "an immunity from suit rather than a mere defense to liability;

1   and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to

2   trial." Id. at 200-01 (quoting Mitchell, 472 U.S. at 526).  Thus, the Supreme Court "repeatedly

3   [has] stressed the importance of resolving immunity questions at the earliest possible stage in

4   litigation." Id. at 201 (quoting Hunter v. Bryant, 502 U.S. 224, 227 (1991) (per curiam)).

5          In Saucier, the Supreme Court established a two-step inquiry for determining whether an

6   official is entitled to qualified immunity. Pearson, 129 S. Ct. at 815-16; Saucier, 533 U.S. at 201.

7   First, the court was directed to consider whether, "[t]aken in the light most favorable to the party

8   asserting the injury, [] the facts alleged show the officer's conduct violated a constitutional right."

9   Saucier, 533 U.S. at 201.  If a constitutional right would have been violated were the allegations

10  established, the Saucier Court instructed lower courts to next examine whether the right was

11  clearly established such that "it would be clear to a reasonable officer that his conduct was

12  unlawful in the situation he confronted." Id. at 201-02.  If an officer makes a reasonable mistake

13  as to what the law requires - i.e. the right is not clearly established - the officer is entitled to

14  immunity. Id. at 202-03. The Supreme Court subsequently determined that "while the sequence

15  set forth [in Saucier] is often appropriate, it should no longer be regarded as mandatory."

16  Pearson, 129 S. Ct. at 818.   Instead, lower courts may "exercise their sound discretion in

17  deciding which of the two prongs of the qualified immunity analysis should be addressed first in

18  light of the circumstances in the particular case at hand." Id.

19         Here, Plaintiff has not alleged facts in his complaint that could "make out a violation of

20  a constitutional right" by Defendants. Pearson, 129 S.Ct. at 815-16.  As set forth above, the

21  Court has recommended that the Eighth Amendment claim asserted against Defendants be

22  dismissed with leave to amend. See, supra at 10.  Because there are no viable claims alleged

23  against Defendants, the Court is unable to evaluate whether they are entitled to qualified

24  immunity for the alleged conduct.  Unless and until Plaintiff alleges a constitutional violation,

25  there can be no determination regarding the applicability of qualified immunity. As stated by the

26  Supreme Court, "if no constitutional right would have been violated were the allegations

27  established, there is no necessity for further inquiries concerning qualified immunity" Saucier,

28  533 U.S. at 201; see also Robinson v. Solano County, 278 F.3d 1007, 1013 (9th Cir. 2002) (en

1   banc) (explaining that "we must ask first whether the facts taken in the light most favorable to

2   the plaintiff would establish a [constitutional] violation.... Only if the answer is in the affirmative

3   should we address the immunity issue").

4       Accordingly, the Court  **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's

5   claim against Defendants on qualified immunity grounds be **DENIED WITHOUT PREJUDICE**.

6   **D.    Injunctive Relief**

7       Plaintiff is seeking injunctive relief to prevent Defendant Villalobos from "performing

8   unconstitutional medical practices." ECF No. 1 at 7.

9       The Eleventh Amendment does permit "suits for prospective injunctive relief against state

10  officials acting in violation of federal law." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437

11  (2004).  However, injunctive relief is available if there is a "real or immediate threat that the

12  plaintiff will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).

13  Accordingly, injunctive relief is appropriate only when "irreparable injury" is threatened. Id.  To

14  establish irreparable injury, a plaintiff must demonstrate a "real or immediate threat that the[y]

15  will be wronged again-a 'likelihood of substantial and immediate irreparable injury." Id.  "A state

16  law enforcement agency may be enjoined from committing constitutional violations where there

17  is proof that officers within the agency have engaged in a persistent pattern of misconduct."

18  Gomez v. Vernon, 255 F.3d 1118, 1129 (9th Cir. 2001) (quoting Thomas v. County of Los

19  Angeles, 978 F.2d 504, 508 (9th Cir. 1992)); see also Walters v. Reno, 145 F.3d 1032, 1048 (9th

20  Cir. 1998) ("Injunctive relief is appropriate in cases involving challenges to government policies

21  resulting in a pattern of constitutional violations").

22      The standard for injunctive relief must be considered in conjunction with the Prison

23  Litigation Reform Act ("PLRA").  Under the PLRA, the court must find that the prospective relief

24  is "narrowly drawn, extends no further than necessary to correct the violation of the Federal

25  right, and is the least intrusive means necessary to correct the violation of the Federal right,"

26  before granting injunctive relief.  18 U.S.C. § 3626(a)(1);  see also Gomez, 255 F.3d at 1128-9.

27  Additionally, the court must give "substantial weight to any adverse impact on public safety or

28  the operation of a criminal justice system caused by the relief."  Id.;  see also Oluwa v. Gomez,

1   133 F.3d 1237, 1239 (9th Cir. 1998) (quoting 18 U.S.C. § 3626(a)(1)) (holding that Congress

2   explicitly prescribed section 3626's reach to include pending cases)[4].

3        Here, Plaintiff has not alleged any facts demonstrating that Defendants violated federal

4   law.  Plaintiff failed to allege or demonstrate that there is a "real or immediate threat" that he

5   will be wronged again or that there is a "likelihood of substantial and immediate irreparable

6   injury." Lyons, 461 U.S. at 111.  Additionally, Plaintiff has not alleged a persistent pattern of

7   misconduct by officials that would support any type of injunction.  Finally, Plaintiff's request that

8   Defendant Villalobos be prevented from "performing unconstitutional medical practices" is too

9   broad, not narrowly drawn, and not necessary to correct the violation of a federal right.

10        Accordingly, the Court  **RECOMMENDS** that Plaintiff's request for injunctive relief be

11   **DENIED**.

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25

26        [4]The PLRA provides, in relevant part: Prospective relief in any civil action with respect to prison conditions

27   shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn,

28   extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.  18 U.S.C. § 3626(a)(1)(A).

## CONCLUSION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) **GRANTING** Defendants' Motion to Dismiss for failure to state a claim.

**IT IS HEREBY ORDERED** that any written objections to this Report must be filed with the Court and served on all parties **no later than November 2, 2011**.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **no later than November 23, 2011**.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).

DATED:  October 12, 2011

BARBARA L. MAJOR
United States Magistrate Judge