UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWANTA J. LAMBERT,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>FRANK SOTO, et al.,<br><br>　　　　　　　Defendants. | Civil No. 10cv1976 AJB (BLM)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE AND WITH LEAVE TO AMEND<br>(Doc. No. 24) |

　　　Presently before the Court are the Plaintiff's objections to the Report and Recommendation ("R&R"), [Doc. No. 24.], issued on October 12, 2011, by Magistrate Judge Barbara Lynn Major granting Defendants motion to dismiss without prejudice and with leave to amend and denying the Plaintiff's request for injunctive relief. For the reasons set forth below, the Court hereby OVERRULES the Plaintiff's objection and ADOPTS the R&R in its entirety.

### *Procedural Background*

　　　On September 20, 2010, Jawanta J. Lambert, ("Plaintiff"), a California prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights suit against Licenced Vocational Nurse Shady M. Villalobos, Correctional Officer Frank Soto, and an unidentified Medical Physician pursuant to 42

U.S.C. § 1983.[1] [Doc. No. 1.] Plaintiff asserts that Defendants' conduct violated his Eighth Amendment right to be free from cruel and unusual punishment. [Doc. No. 1, at 3-5.] Plaintiff seeks monetary damages in the amount of $750,000 and injunctive relief preventing Defendant Villalobos from "performing unconstitutional medical practices." [Doc. No. 1, at 7.] Shady Villalobos and Frank Soto ("Defendants") filed a motion to dismiss the complaint on May 3, 2011 for failure to state a claim. [Doc. No. 17.] Plaintiff opposed the motion on June 30, 2011, and Defendants filed a reply on July 14, 2011. [Doc. Nos. 22 and 23.]

These matters were referred to Magistrate Judge Barbara L. Major for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636. Magistrate Judge Major issued the R&R, [Doc. No. 24], which recommends the Defendants' motion to dismiss be granted without prejudice and with leave to amend and Plaintiff's request for injunctive relief be denied. [Doc. No. 24, at 12, 13.] On November 14, 2011, Plaintiff filed a motion for an extension of time to file an objection to the R&R. [Doc. No. 27.] On November 16, 2011, the motion for extension of time was granted and Plaintiff filed his Objection on November 21, 2011. [Doc. No. 28 and 29.] On November 11, 2011, Defendants filed a Notice of Non-Objection to the R&R. [Doc. No. 25.] The Court considered the Plaintiff's Objection before issuing this order.

### *Factual Background*

According to the complaint, Plaintiff was involved in an "incident" on April 21, 2009, after which he sought medical treatment from a licensed vocational nurse, Defendant Villalobos. [Doc. No. 1 at 3.] During the evaluation, Defendant Villalobos completed a medical report of injury form in which she documented Plaintiff's injuries. *Id.* The injuries mentioned in the report were: (1) pain in the back; (2) pain in the left shoulder; (3) abrasions; and (4) scratches with dried blood. *Id.* Plaintiff alleges that Defendant Villalobos refused to treat these injuries and responded to Plaintiff's request for first aid by stating that "you shouldn't have been fighting with staff" before walking away. *Id.*

After his medical evaluation with Defendant Villalobos, Plaintiff was escorted back to a holding cell via golf cart by Correctional Officer A. Gonzales and Defendant Soto. *Id.* at 5. During the ride,

---

[1] Plaintiff has not named or served the unidentified medical physician in this matter. [Doc. Nos. 1, at 4 and 9.] Accordingly, the instant motion is only brought on behalf of the Defendants who have been properly named and served.

1  Plaintiff told Defendant Soto that Defendant Villalobos refused to treat his injuries and showed
2  Defendant Soto that he was actively bleeding down his leg. *Id.* In response, Defendant Soto merely
3  stated that Defendant Villalobos "should have taken care of it." *Id.* When Plaintiff informed Defendant
4  Soto that he still needed medical attention, Defendant Soto stated "the medics will take care of it dude."
5  *Id.* Plaintiff was then taken to his holding cell and left with a bleeding right leg and back and shoulder
6  pain. *Id.*

7  On May 12, 2009, Plaintiff was evaluated by an unnamed yard physician for the injuries
8  sustained on April 21, 2009. *Id.* at 4. At the appointment Plaintiff complained of back and knee pain that
9  made it difficult for him to climb in and out of the top bunk of his bed without assistance. *Id.* Plaintiff
10 told the physician that he had to rest on the ground during the day or remain in his bed for long periods
11 of time due to his injuries. *Id.* The physician ordered x-rays of Plaintiff's back, prescribed pain
12 medication, and instructed Plaintiff to refrain from doing any push ups or sit ups. *Id.*

13 Plaintiff states that after his evaluations by Defendant Villalobos and the unnamed yard
14 physician, he continued to suffer from pain in his back and knee due to Defendant Villalobos's
15 "deliberate indifference, malpractice and neglect." *Id.* at 3. Plaintiff claims that as a result of his
16 untreated injuries from April 21, 2009, he sustained further injury on May 14, 2009, when he fell
17 "approximately five feet" to the ground from the top bunk of his bed. *Id.* at 3 & 4. After the fall, Plaintiff
18 was treated at a local emergency room and housed in the facility's correctional treatment center for five
19 days on bed rest. *Id.*

20 ### *Legal Standard*

21 A district court has jurisdiction to review a Magistrate Judge's R&R's on dispositive matters.
22 Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's
23 disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify,
24 in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §
25 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is
26 made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). "The statute
27 makes it clear that the district judge must review the magistrate judge's findings and recommendations
28 de novo if objection is made, but not otherwise." *Id.*

*__Discussion__*

The Plaintiff objects to the R&R's finding that he failed to state a claim for deliberate indifference to his serious medical needs in violation of his Eighth Amendment right to be free from cruel and unusual punish. The R&R recommended granting Defendants' motion to dismiss Plaintiff's claim of deliberate indifference against Defendants Villalobos and Soto, because Plaintiff failed to meet the objective and subjective prongs of the Eighth Amendment violation test. [Doc. No. 24, at 10.] The R&R also found that the Plaintiff failed to plead facts that sufficiently establish that his condition was objectively serious, that Defendants acted with a culpable state of mind, or that Defendants' actions caused him harm.

### I.     Plaintiff's Eighth Amendment Deliberate Indifference Claim

"Deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).  This principle "establish[es] the government's obligation to provide medical care for those whom it is punishing by incarceration." *Id.* at 103.  The Supreme Court has noted that "[a]n inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met." *Id.*; *see also West v. Atkins*, 487 U.S. 42, 54-55 (1988).

A medical need is serious "if the failure to treat the condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992) *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a person has a serious need for medical treatment. *Id.* at 1059-60 (citations omitted).

A prison official's "deliberate indifference to a prisoner's serious illness or injury" violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).  The deliberate indifference to serious medical needs standard has an objective and a subjective component. *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992).  The objective component generally is satisfied so long as the prisoner alleges facts to show that his medical need is

sufficiently "serious" such that the "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Id.; Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

### A. *Plaintiff's Objection to the R&R's Finding That His Claim Failed to Satisfy the Objective Prong*

In his objection, the Plaintiff argues that his claims met the objective prong of an Eighth Amendment violation. Specifically, the Plaintiff contends that he sufficiently pled that he suffered from a serious medical need because: 1) a reasonable doctor would think his medical condition was worthy of comment or treatment; 2) the condition significantly affects his daily activities; and; 3) the condition causes a chronic or substantial pain. [Doc. No. 29, at 2-3.]

#### 1) *A Reasonable Doctor Would Think His Medical Condition Was Worthy of Comment or Treatment*

The Plaintiff argues in his objection that the fact that he was treated by an unnamed doctor on May 12, 2009, for the injuries he sustained on April 21, 2009, should have been considered by the Magistrate Judge and should have been construed in the Plaintiff's favor.

In his complaint, the Plaintiff contends that Defendant Villalobos was deliberately indifferent to his serious medical needs because she failed to treat him after the incident on April 21, 2009, and merely submitted a "medical report of injury" form documenting Plaintiff's injuries to include pain in the back and left shoulder and abrasions and scratches with dried blood.  Plaintiff states that when he asked for first aid for his injuries, Defendant Villalobos responded that he "shouldn't have been fighting with staff" and left without returning.  The Plaintiff also contends that his leg was still bleeding after he was seen by Defendant Villalobos when he was returned to a holding cell.

However, the Plaintiff was seen and assessed by Villalobos as indicated by the medical report of injury form that she completed.  An even if the Court accepts as true the Plaintiff's statement that his leg was still bleeding when he was returned to a holding cell by Defendant Soto, the Plaintiff has not alleged that the bleeding was serious or posed a significant threat to his health.  *See Nawabi*, 2009 WL 3514849 at 7 (finding that plaintiff failed to state an Eighth Amendment violation where plaintiff failed "to show how a bloody lip and/or a scratch to his knee" was a sufficiently serious medical condition and

plaintiff had no evidence that defendant "knew of any serious medical risk to plaintiff by not addressing his bloody lip or scratched knee."); *see also Thomas v. Diaz*, 2008 WL 227932, *5 (E.D. Cal., Jan. 28, 2008) (finding that plaintiff failed to state a claim under the Eighth Amendment for deliberate indifference to his serious medical needs where plaintiff alleged that defendant was deliberately indifferent to his needs by failing "to request an R.N. or M.D. to examine plaintiff and for failing to clean and bandage his abrasions/wounds subsequent" to an incident); and *Johnson v. Runnels*, 2010 WL 3430369, *16 (E.D. Cal., Aug. 30, 2010) (stating that plaintiff submitted no evidence that cuts, abrasions, contusions, and lacerations were the types of injuries that a failure to treat could result in further significant injury or the unnecessary and wanton infliction of pain).

Furthermore, the Court notes that the Plaintiff has not alleged any complaints regarding his injuries to prison officials or any further requests for medical treatment or accommodation between the April 21, 2009, when he was returned to a holding cell and the treatment he received on May 12, 2009, from an unnamed physician. As such, the only conclusion the Court can draw from this is as a result of the evaluation performed by Villalobos on April 21, 2009, that the Plaintiff was scheduled to be seen by the Physician on May 12, 2009, where x-rays were taken and the Plaintiff was prescribed pain medication. The facts as alleged by Plaintiff simply do not demonstrate deliberate indifference to a serious medical need, rather they evidence a difference of opinion between the Plaintiff and the treating nurse and physician regarding the nature and severity of his injuries. A mere difference of opinion over proper medical treatment does not constitute deliberate indifference. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996). The indifference to medical needs must be substantial; inadequate treatment due to malpractice, or even negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059. The facts as alleged by the Plaintiff demonstrate that the Plaintiff was immediately seen and evaluated by nurse Villalobos and the Plaintiff was subsequently scheduled to be seen by a physician who ordered x-rays and prescribed pain medication. Based upon the forgoing the Court agrees with the findings of the R&R that the Plaintiff has failed to demonstrate that Defendant Villalobos was deliberately indifferent to his serious medical need.

### *2) The Condition Significantly Affects His Daily Activities*

The Plaintiff objects to the R&R's finding that Plaintiff's injuries did not significantly alter his daily activities. The Plaintiff states in his objections that he was actually immobilized for 5 days on bed rest "until he could walk without assistance again." Compl. at 3-4. However, this immobilization referred to by the Plaintiff occurred after a separate incident on May 14, 2009, where the Plaintiff suffered additional injuries when the Plaintiff alleges that he fell from his bunk bed five feet to the floor and was subsequently taken to the emergency room for treatment of those injuries. Plaintiff's complaint does not contain any factual support for his claim that the further injury suffered is attributable to Defendants actions or inactions. Plaintiff does not allege that he notified prison officials that he was unable to climb in or out of his bunk bed. The Plaintiff does not allege that he made any request for a medical accommodation and reassignment to a lower bunk due to his medical condition or that prison officials ignored or denied any such request. In short, the Plaintiff has not alleged any facts in his complaint, beyond his conclusory allegations to demonstrate that there was any notice provided to prison officials of the alleged impact on his daily activities. As such, the Court agrees with the R&R's findings that Plaintiff failed to sufficiently allege factual support that his injuries significantly altered his daily activities.

### *3) The Condition Causes a Chronic or Substantial Pain*

The Plaintiff also objects to the R&R's findings that he failed to allege chronic or substantial pain or that he continues to suffer because of his injuries. The Plaintiff argues that his complaint alleges that he "continued to experience pain and discomfort from his uncared for back and knee." The Plaintiff argues in the objection that his complaint states "Plaintiff has suffered, is suffering and will continue to suffer injuries in the form of pain and suffering, shame, humiliation, emotional distress, degradation, embarrassment, mental distress and other injuries." Compl. at 3. However, the Supreme Court in *Iqbal* made it clear that conclusory, "threadbare" allegations merely reciting the elements of a cause of action cannot defeat the Rule 12(b)(6) motion to dismiss. *Iqbal*, 129 S.Ct. at 1949–50. The Plaintiff has failed to allege any factual support for his allegations.

The alleged facts in the complaint are not sufficient to reasonably arrive at the conclusion that Plaintiff's medical condition at the time he was treated by Defendants was a "serious" medical injury.

Plaintiff fails to describe his medical condition with sufficient specificity because an unreasonable number of inferences must be made, such as how the injury was sustained, what type of injury could result in back and shoulder pain, how the injury prevented Plaintiff from climbing into his top bunk bed, and how the injury contributed to the subsequent fall out of his bunk. Furthermore, the R&R is not recommending dismissal with prejudice of the Plaintiff's Eighth Amendment claim.  The Plaintiff was granted leave to amend his complaint with the necessary details to allege a "serious" medical injury. [Doc. No. 24, at 10.]

### B. *Objection to the Subjective Prong Analysis*

To establish a violation of the Eighth Amendment, Plaintiff must plead sufficient acts or omissions to show that defendants were deliberately indifferent to his serious medical needs. *See Estelle*, 429 U.S. at 106; *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989).  A section 1983 plaintiff must allege facts that show the seriousness of his medical need as well as "the nature of the defendant's response to that need." *McGuckin*, 974 F.2d at 1059.

The subjective component of the Eighth Amendment violation test requires the prisoner to allege facts which show a deliberate indifference to a substantial risk of serious harm.  *Hutchinson*, 838 F.2d at 394.  The indifference can be manifested when prison officials deny, delay or intentionally interfere with medical treatment, or can manifest in the way prison physicians provide medical care.  *Id*.  However,  "mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.*  A prisoner must allege acts or omissions committed by the prison official or physician that were sufficiently harmful to show deliberate indifference to serious medical needs.  *Estelle,* 429 U.S. at 104.

In his objection, the  Plaintiff argues that his claim meets the subjective prong of an Eighth Amendment violation because he alleges Defendants knew or should have known that failure to treat Plaintiff's injuries would result in an unreasonable risk of harm.  [Doc. No. 29, at 4.] However, the Plaintiff has not alleged that the Defendants were aware of and disregarded an excessive risk to Plaintiff's health and safety.  Plaintiff objects that Defendants knew or should have known that his injuries were not treated because Defendant Soto remarked, "[Villalobos] should have taken care of it" and "the medics will take care of it, dude."  [Doc. No. 29, at 4.] However, this remark was directed to

the alleged blood running down Plaintiff's leg. These statements fail to prove that the Defendants had a culpable state of mind in failing to treat Plaintiff's abrasion or scratch would result in an unreasonable risk of harm. The Plaintiff does not allege that the abrasion was serious or that the bleeding posed a serious risk to his health. Defendant Villalobos documented the Plaintiff's complaints of back and shoulder pain and noted abrasions and scratches with dried blood on the Medical Report of Injury, which documented Plaintiff's injuries after the April 21, 2009 incident. Plaintiff does not directly refute the accuracy of the report, but instead seems to be arguing that his injuries merited additional medical treatment at the time he interacted with Defendants, but as set forth above, a "difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

The Plaintiff's complaint also contains allegations that Defendant Soto knew or should have known that locking the Plaintiff in a holding cell without Plaintiff having received medical treatment for his "actively bleeding right leg and pain in his back and shoulder" created an unreasonable risk of serious harm to Plaintiff and demonstrated deliberate indifference to his serious medical needs. However, as set forth in the R&R, the Plaintiff has failed to allege sufficient facts to demonstrate the back and shoulder pain or abrasions were serious medical needs, but even if he had, his claim that Defendant Soto's failure to ensure he received treatment still fails. *See Thomas v. Diaz*, 2008 WL 227932, *5 (E.D. Cal., Jan. 28, 2008)(finding that plaintiff failed to state a claim under the Eighth Amendment for deliberate indifference to his serious medical needs where plaintiff alleged that defendant was deliberately indifferent to his needs by failing "to request an R.N. or M.D. to examine plaintiff and for failing to clean and bandage his abrasions/wounds subsequent" to an incident.)

The R&R found that the Plaintiff failed to specifically state how his injuries were exacerbated as a direct result of any of the Defendants' alleged failure to treat.[2] While Plaintiff argues that his untreated injuries caused him to fall out of his bunk and sustain further injuries, he again lacks the

---

[2] *See Smedley v. Reid*, 2010 WL 391831, *11 (S.D. Cal. Jan. 27, 2010) (to survive Rule 12(b)(6) motion, complaint must directly connect defendants' actions with alleged harm) (citing Moss v. U.S. Secret Service, 572 F.3d 962, 971 (9th Cir. 2009)); *see also Wilson v. Woodford*, 2009 WL 839921, *26 (E.D. Cal. March 30, 2009) (stating that "if there is no affirmative link between a defendant's conduct and the alleged injury, there is no deprivation of the plaintiff's constitutional rights") (citing *Rizzo v. Goode*, 423 U.S., 370 (1976)).

necessary factual detail to causally connect these two events. Plaintiff does not allege that he requested to be assigned to a lower bunk or that he notified any of the Defendants of his difficulties getting in or out of the bunk. As such, the Court finds that the Plaintiff fails to meet the subjective prong, because he does not show that Defendants were aware of and disregarded an excessive risk to the Plaintiff's health and safety and that their conduct directly exacerbated his injuries.

After reviewing the briefs, applicable law, and R&R, the Court ADOPTS the R&R in its entirety and hereby GRANTS the Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) the Plaintiff's claim for deliberate indifference against Defendants Villalobos and Soto WITH LEAVE TO AMEND.

## II.    *Qualified Immunity*

In the R&R, the Magistrate Judge concluded that the Defendants are not entitled to qualified immunity, because the Plaintiff has not alleged a viable constitutional violation. [Doc. No. 24, 11.] Defendants filed notice of non-objection to the R&R issued by Magistrate Judge Major. [Doc. No. 25.] After a review of the R&R, the Court ADOPTS the R&R and DENIES WITHOUT PREJUDICE Defendants' motion to dismiss Plaintiff's claim against Defendants on qualified immunity grounds.

## III.    *Injunctive Relief*

The R&R concluded that Plaintiff's request for injunctive relief lacked merit because the alleged facts did not demonstrate that Defendants violated federal law. [Doc. No. 24, at 13.] Plaintiff has not filed an objection to the R&R's denial of injunctive relief. After a review of the R&R, the Court ADOPTS the R&R and DENIES Plaintiff's request for injunctive relief.

### *Conclusion*

For the reasons set forth above, the Court OVERRULES the Plaintiff's objections and ADOPTS the R&R in its entirety. The Court GRANTS Defendants' motion to dismiss Plaintiff's claim for deliberate indifference against Defendants Villalobos and Soto WITH LEAVE TO AMEND. Plaintiff must file an Amended Complaint by May 30, 2012. If an amended complaint is not filed within the time indicated, the court will dismiss the matter with prejudice.

//

//

1  In addition, the Court DENIES WITHOUT PREJUDICE Defendants' motion to dismiss on the grounds
2  of qualified immunity. Finally, the Court DENIES Plaintiff's request for injunctive relief.
3      IT IS SO ORDERED.

5  DATED: March 19, 2012

                                                                   Hon. Anthony J. Battaglia
                                                                     U.S. District Judge