UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWANTA J. LAMBERT,<br><br>             Plaintiff,<br>v.<br><br>FRANK SOTO, et al.,<br><br>             Defendants. | Case No. 10cv1976-AJB (BLM)<br><br>**ORDER DENYING THIRD MOTION FOR ASSIGNMENT OF COUNSEL**<br><br>[ECF No. 34] |

     By motion dated July 30, 2012, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, requests that this Court appoint counsel to assist him. ECF No. 34. In support of his motion, Plaintiff states that he requires counsel because: (1) he "lacks any meaningful source of income to utilize in employing services of counsel", (2) he "only has limited access to a law library and other materials necessary to facilitate proper legal research," (3) he "is a layman at the law" and "has limited formal education and no education in the law," and (4) the issues involved in this case "necessitate serious and complex discovery proceedings to be undertaken." Id. at 2-3. This is Plaintiff's third request for appointment of counsel. See ECF Nos. 3 & 15. The district judge denied his first motion on October 29, 2010, noting that Plaintiff had failed to demonstrate that "exceptional circumstances" warranting appointment of counsel. ECF No. 4. This Court denied Plaintiff's second motion on April 27, 2011, for the same reason. See ECF No. 16.

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981). However, under 28 U.S.C. § 1915(e)(1), courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances." Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances demands at least "an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims 'in light of the complexity of the legal issues involved.'" Id. (quoting Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Thus far, Plaintiff has drafted and submitted several pleadings and motions without the assistance of counsel. In addition to the instant motion, he has submitted a complaint (ECF No. 1), two motions to proceed *in forma pauperis* (ECF No. 2 & 5), two previous motions for appointment of counsel (ECF Nos. 3 & 15), an opposition to the first motion to dismiss (ECF No. 22), a first amended complaint (ECF No. 31), and an opposition to Defendants' second motion to dismiss (ECF No. 35). From the Court's review of these documents, it is clear that Plaintiff is able to articulate the claims of his case. While he may have had some assistance from other prisoners in preparing these documents[1], Plaintiff's pending complaint is comprehendible and nothing before the Court indicates that Plaintiff will not be able to continue to pursue his case. Although Plaintiff's allegations are sufficient to state a claim for relief, it is still too early for the Court to determine Plaintiff's likelihood of success on the merits. However, even if the Court could determine at this time whether it is likely that Plaintiff will succeed on the merits, Plaintiff fails to establish the requisite "exceptional circumstances" warranting the appointment of counsel.

Plaintiff's current request for appointment of counsel does not provide any new facts justifying such an extraordinary remedy. He makes essentially the same arguments that he made in his previous motions: he cannot afford an attorney, he is a layman unskilled in the law,

---

[1] Plaintiff's reliance on a fellow prisoner does not alter this analysis. See, e.g., Montano v. Solomon, 2010 WL 4137476, at *7 (E.D. Cal. Oct. 19, 2010) (denying plaintiff's motion for appointment of counsel where "plaintiff has adequately presented, albeit through another inmate, the salient factual allegations of this case . . . .").

and he relies on other prisoners for assistance. See ECF Nos. 3, 15 & 34. Thus, in his instant motion, Plaintiff does not allege any different facts or circumstances to change the Court's prior decision that there are no exceptional circumstances that warrant appointing an attorney to represent him. Plaintiff essentially makes the same argument that every *pro se* inmate could make—namely, that an attorney could or would handle this case better than he can. See ECF No. 34. This argument does not warrant the appointment of counsel.[2]

Plaintiff contends that an attorney is necessary to help him take care of the "serious and complex discovery proceedings" that he will have to undertake to prepare for other proceedings such as "summary judgment or preparation for trial." Id. at 3. However, this contention alone is not sufficient to require the appointment of counsel. See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), overruled on other grounds, 154 F.3d 952 (9th Cir. 1998) (en banc) (holding that the appellant "may well have fared better [with appointed counsel]–particularly in the realms of discovery and the securing of expert testimony–but this is not the test"); see also Peterson v. Anderson, 2009 WL 4506542, at *3 (D. Mont. Dec. 2, 2009) (citing Wilborn, 789 F.2d at 1331) ("Although Plaintiff contends he is not in a position to litigate this matter, pro se litigants are rarely in a position to research and investigate facts easily. This alone does not deem a case complex."). "[A]ny pro se litigant certainly would be better served with the assistance of counsel." Rand, 113 F.3d at 1525, overruled on other grounds, 154 F.3d 952 (9th Cir. 1998). But a plaintiff is only entitled to appointed counsel if he can show "that because of the complexity of the claims he [is] unable to articulate his positions." Rand, 113 F.3d at 1525; see also Wilborn, 789 F.2d at 1331 ("If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.").

The Court previously denied Plaintiff's request for counsel, see ECF Nos. 4 & 16, and Plaintiff's current request does not provide any new facts justifying such an extraordinary

---

[2]Although the Ninth Circuit has not yet done so, courts have required that "indigent plaintiffs [pursuant to § 1915] make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them." Bailey v. Lawford, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Here, Plaintiff has not shown that he made any effort, let alone a reasonably diligent one, to secure counsel on his own prior to moving the Court to appoint counsel for him.

remedy. Plaintiff has failed to demonstrate an inability to represent himself beyond the ordinary burdens encountered by prisoners representing themselves *pro se*, and the Court finds that the "exceptional circumstances" required for court-appointed counsel are absent. See, e.g., Agyeman, 390 F.3d at 1103; Wilborn, 789 F.2d at 1331. Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**IT IS SO ORDERED.**

DATED: August 8, 2012

*Barbara F. Major*

BARBARA L. MAJOR
United States Magistrate Judge