UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWANTA J. LAMBERT,<br><br>                Plaintiff,<br>v.<br><br>FRANK SOTO, et al.,<br><br>               Defendants. | Civil No.10CV1976 AJB (BLM)<br><br>ORDER (1) ADOPTING THE REPORT AND RECOMMENDATION , AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 39 and 32, respectively) |

      Presently before the Court is a Report and Recommendation ("R&R") issued by United States Magistrate Judge Barbara L. Major. (Doc. No. 39.) The R&R advises the Court to grant Defendants' motion to dismiss Plaintiff's claim of deliberate indifference with leave to amend and to deny without prejudice Defendants' motion to dismiss Plaintiff's claims on qualified immunity grounds. (Doc. No. 39.) Also before the Court is Defendant Soto's objection to the R&R. (Doc. No. 40.)

**<u>Background</u>**

      Magistrate Judge Major's R&R contains a thorough and accurate recitation of the facts and procedural history underlying Plaintiff's pro se complaint, brought pursuant to 42 U.S.C. § 1983. (Doc. No. 39.) To the extent that they are not included in the brief procedural history below, this Order incorporates by reference the facts set forth in the R&R.

      On May 24, 2012, Plaintiff filed his First Amended Complaint ("FAC"). (Doc. No. 31.) On June 13, 2012, Defendants filed a Motion to Dismiss the FAC. (Doc. No. 32.) Plaintiff opposed the motion on July 30, 2012 (Doc. No. 35), and Defendants filed a reply on August 6, 2012 (Doc. No. 36).

Magistrate Judge Major issued an R&R recommending an order granting Defendants' second motion to dismiss without prejudice. (Doc. No. 39.) On October 12, 2012, Defendant Soto filed a timely objection to Magistrate Judge Major's R&R.[1] (Doc. No. 40.) Soto objects to the R&R only insofar it dismisses Plaintiff's claims against him while also giving Plaintiff leave to amend. *Id.* Accordingly, Soto asks that the Court dismiss Plaintiff's claims against without granting Plaintiff leave to amend. *Id.*

## **Legal Standard**

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews de novo those portions of the R&R to which specific written objection is made. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*). "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *Id.* When no objections are filed, the Court need not review de novo the R&R. *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

## **Discussion**

Here, only Soto has timely filed objections to the R&R.[2] Thus, the Court will make a de novo determination as to the portion of the R&R to which Soto objects - specifically, the recommendation to dismiss Plaintiff's claims against Soto with leave to amend. As to the remaining claims, the Court has reviewed the R&R, finds that it is thorough, well reasoned, and contains no clear, and accordingly ADOPTS those portions of the R&R to which there are no objections.

Soto objects to the R&R only to the extent that Judge Major recommends the Court dismiss Plaintiff's claims with leave to amend. (Doc. No. 40 at 1.) Soto argues that the facts alleged in

---

[1] Soto's objection to R&R states that Defendant Villalobos "accepts Judge Major's recommendation as it pertains to him." (Doc. No. 40.)

[2] On November 20, 2012, the Court denied Plaintiff's second ex parte request for an extension of time in which to file his objections. (Doc. No. 44.) Plaintiff's request was denied because Plaintiff had previously been granted an extension and had been given notice that further extensions would not be granted. (Doc. No. 42.) Additionally, his ex parte request for the second extension was filed several days after the deadline for filing objections had already passed.

1  Plaintiff's FAC do not now, and cannot by virtue of amendment, state a viable claim against Soto.  (*Id.*)
2  Plaintiff correctly notes that leave to amend may be withheld if the court "determines that the pleading
3  could not possibly be cured by the allegation of other facts."  *Lopez v. Smith,* 203 F.3d 1122, 1130 (9th
4  Cir. 2000).  However, the Court is not convinced that Soto has established that Plaintiff is unable to
5  allege additional facts sufficient to establish a deliberate indifference claim against Soto.

6  Here, Plaintiff alleges that Defendant Soto "was aware of Plaintiff's injuries and disregarded the
7  excessive risk to Plaintiff's health and safety."  (FAC at 7.)  In her R&R, Judge Major determined that
8  Plaintiff's allegations do not support the conclusion that Defendant Soto knew or could infer that an
9  excessive risk to Plaintiff's health or safety existed.  (Doc. No. 39 at 13:18-19.)   Although the facts as
10 alleged by Plaintiff in the FAC are insufficient to establish a deliberate indifference claim against Soto,
11 that is not to say that further allegations would not be able to reach that threshold.  In the R&R, Judge
12 Major concluded correctly that Plaintiff had at most alleged negligence against Soto.  (Doc. No. 39, p.
13 15.)  While allegations of negligence, and even gross negligence, do not rise to the level of a constitu-
14 tional violation, there is nothing on the record precluding Plaintiff from alleging further behavior on the
15 part of Soto sufficient to state a claim upon which relief may be granted.  *See Estelle v. Gamble*, 429
16 U.S. 97, 106 (1976).  When, as here, the Plaintiff is a *pro se* prisoner, the Court gives the Plaintiff the
17 benefit of the doubt and should allow Plaintiff leave to amend his Complaint where the possibility exists
18 that its deficiencies could be cured by the allegation of additional facts.  *Erickson v. Pardus*, 551 U.S.
19 89, 94 (2007); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003).  Accordingly, the Court hereby
20 GRANTS Defendants' motion to dismiss WITH LEAVE TO AMEND as to Defendants Villalobos and
21 Soto.

## **Conclusion**

23 For the reasons stated above, the Court ADOPTS the R&R in all respects, and hereby GRANTS
24 Defendants' motion to dismiss Plaintiff's claim for deliberate indifference against Defendants Villalobos
25 and Soto WITH LEAVE TO AMEND.  Plaintiff must file a Second Amended Complaint by January 11,
26 2013.  If a second amended complaint is not filed within the time indicated, the court will dismiss the
27 matter with prejudice.

28

In addition, the Court DENIES WITHOUT PREJUDICE Defendants' motion to dismiss on the grounds of qualified immunity.

IT IS SO ORDERED.

DATED: November 21, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge